UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASSEM ABULKHAIR,

                Plaintiff,

-against-

THE FEDERAL BUREAU OF INVESTIGATION, ET AL.,

                Defendants.

24-CV-2151 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se*. On May 22, 2024, the Court dismissed the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). (ECF 4.) The Clerk of Court entered judgment on May 28, 2024. (ECF 5.) On June 18, 2024, Plaintiff filed a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e), challenging the May 22, 2024 dismissal order. (ECF 7.) On June 20, 2024, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit. (ECF 6.)

    In addition to a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), the Court also liberally construes this submission as a motion for reconsideration under Local Civil Rule 6.3, and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

**A.     Jurisdiction**

Because Plaintiff has filed a notice of appeal, the Court must address whether it has jurisdiction to consider his motion for relief under Local Civil Rule 6.3, Rule 59(e), and Rule 60(b). Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Rule 4 of the Federal Rules of Appellate Procedure, however, provides that a district court has jurisdiction to rule on a motion under Rule 59 or Rule 60 if a notice of appeal has been filed, but only if the motion is filed within 28 days after the entry of the order. Fed. R. App. P. 4(a)(4)(A). If a party files a notice of appeal before the district court disposes of such a motion, then the notice of appeal does not become "effective" until after the district court rules on that motion. *See* Fed. R. App. P. 4(a)(4)(B)(i).

Here, the Clerk of Court entered judgment on May 28, 2024. Plaintiff therefore had 28 days to file a timely motion for reconsideration. *See* Fed. R. Civ. P. 59(e). He filed his motion on June 18, 2024, within 28 days after the Court entered judgment. The Court therefore has jurisdiction to consider his request. *See* Fed. R. App. P. 4(a)(4)(B)(iv).

**B.     Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see*

*also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)). A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

In his motion, Plaintiff puts forth various arguments similar to those the Court found to be frivolous in its May 22, 2024 order. For example, Plaintiff alleges,

> [W]hen a litigant accuses his/her corrupted government of TORTURE and Assassination Attempts by squandering billions of dollars to achieve its 'slow kill' method, the Alphabetic measure of procedure requires by the judicial principles on the part of any 'Kangaroo Court' – [is] to subpoena its billion[s] of dollars itemized bill relative to such individual within its judiciary power and discretion in order to discredit or affirm his/her credibility with the genuine substance he/she brought forward to the court before jumping to any 'frivolous' conclusion[.] At this crucial juncture, the Court under reconsideration has failed to perform to exercise this alphabetic step within its sound discretion to prevent an inevitable miscarriage of justice when a litigant's life becomes eventually on line.

(ECF 7, at 4-5) (brackets in original).

Plaintiff also alleges that on April 1, 2024, he filed a "revised complaint" that included a "spelling correction."[1] (ECF 7, at 2.) He further states that he emailed to the court "massive countless photos and videos to prove his meritorious claims" but that those photos were not entered on the docket.[2] (*Id.* at 3.) Plaintiff alleges that because his revised complaint with the spelling correction and photos were not entered on the docket in his case, the Court overlooked matters that could alter its conclusion.

---

[1] Plaintiff states that he attaches various documents to his motion, but the motion does not include any attachments.

[2] Plaintiff alleges that he sent "nearly to thirty thousand (30,000) images" to the court. (*Id.* at 3.)

Even if the Court assumes that Plaintiff properly filed these additional materials, it must still deny his motion. With respect to Plaintiff's allegation that he submitted 30,000 photos and videos as "evidence," the Court notes that a plaintiff need not submit any evidence at the pleading stage. He must only allege plausible facts suggesting a viable claim for relief. Here, the Court determined that Plaintiff's complaint was frivolous because he did not provide any plausible factual support for his claims, and his conclusory claims and suspicions rise to the level of the irrational.

Plaintiff also alleges that he submitted a revised complaint that included a spelling correction, but that the complaint was not docketed. The Court concluded in its order of dismissal, however, that the defects in Plaintiff's complaint could not be cured with an amendment. Accordingly, even if Plaintiff's revised complaint was substantively different from his original complaint, which he does not allege it to be, it would not have changed the Court's conclusion that Plaintiff's claims are frivolous.

The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

**C.**    **Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

Plaintiff did not file this motion within 14 days of the entry of judgment. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

**D.        Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief."

5

*Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 7) is denied. The Clerk of Court is directed to terminate all other pending matters in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 2, 2024
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge